(No. 3682— ■

ALTA WELLER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1942.*

Claimant, pro se.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This claim comes before the court ·on complaint of Alta Weller for adjudication under the Workmen's Compensation Act for the death of her husband.

The record consists of the complaint, report of the Division of Highways, stipulation, and brief, statement and argument of the respondent. The claimant waives her right to file her statement, brief, and argument. The facts in this case were fully set out in *Luvillia McDonald* vs. *State,* No. 3683.

The complaint was filed on the twenty-third day of January, 1942.

Under the rules of this court the report of the Division of Highways is prima facia evidence of the facts set up in said report unless they are denied by the claimant. This report shows that the husband of the claimant was an employee of the State of Illinois, and was first employed by the respondent on the 11th day of April, 1941, at the rate of fifty cents an hour, as a helper to Charles McDonald, a truck driver employed by the Division of Highways. Not having worked for the State for one full year the report sets up that his predecessor was paid at the rate of Nine Hundred Seventy-nine Dollars and Fifty Cents ($979.50) annually. This would mean an average weekly wage of Eighteen Dollars and Eighty-four Cents ($18.84), making his compensation rate amount to Ten Dollars and Thirty-six Cents ($10.36), per week, under Sections (8b) and (8-L) of the Workmen's Compensation Act.

The decedent Clark Weller was a companion of Charles McDonald on the snow plow being operated by them on the S. B. I. Route No. 2 just West of Rockton, Illinois, on the 26th day of December, 1941, and upon proceeding to cross the tracks of the Chicago, Milwaukee, St. Paul, and Pacific Railroad at about 11:38 A. M. a train struck the truck in which they were riding and completely demolished the truck killing McDonald instantly, and injuring Weller so seriously that he died two days later on the 28th day of December, 1941.

Claimant seeks an award of $4,400.00 for the death of her husband, as compensation, in accordance with the provisions of the Workmen's Compensation Act of the State of Illinois, and further that she is entitled to $194.50 including medical, hospital and ambulance services.

The opinion in *Luvillia McDonald* vs. *the State of Illinois,* supra, is controlling in this case.

The court finds that at the time of the injuries which resulted in the death of the husband of claimant that all the requirements under Section (24) of the Workmen's Compensation Act have been fully complied with; that at the time of the death of claimant's decedent the claimant was fully dependent upon him for support, but had no children or other dependents under the age of sixteen years.

Under the report of the Division of Highways in this case it appears that the following claims have been paid by the respondent:

| | |
|---|---:|
| Dr. Earl R. Cochran, Rockton | $109.00 |
| Dr. G. F. Ottaw, Beloit, Wis. | 10.00 |
| Beloit Municipal Hosp., Beloit | 62.50 |
| Ginders Ambulance Serv., Rockford | 13.00 |
| Total | $194.50 |

Under Sections (7a) and (7k) of the Workmen's Compensation Act it would appear that the claimant is entitled to an award in the amount of Four Thousand Three Hundred Nine Dollars and Eighty Cents ($4,309.80), consisting of Three Thousand Nine Hundred Eighteen ($3,918.00) Dollars which is four times the average earnings of the decedent and ten (10) per cent the total under the amendment to the law passed in 1941 as to accidents occurring subsequent to July 1st, of that year.

We further find that the sum of Sixty-two Dollars and Sixteen Cents ($62.16) representing six weeks accrued compensation at the rate of Ten Dollars and Thirty-six Cents ($10.36) is payable as of Feb. 8, 1942, in that amount, and claimant is therefore entitled to payment at this time in the sum of Sixty-two Dollars and Sixteen Cents ($62.16), with further monthly payments to be made to her on the basis of Ten Dollars and Thirty-six Cents ($10.36) per week for four hundred and nine weeks (409) until the further sum of Four Thousand Two Hundred Thirty-seven Dollars and Twenty-four Cents ($4,-237.24) has been paid to her with an additional final payment of $10.40, making a total of Four Thousand Three Hundred and Nine Dollars and Eighty Cents ($4,309.80), for which an award is hereby entered in favor of claimant Alta Weller; such future payments being subject to the terms of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is hereby retained for the purpose of making such further orders as may from time to time be necessary herein.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made pay-

able from the appropriation from the Road Fund in the manner provided for in such Act.